Not For Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENE D. EDWARDS, *Plaintiff*, v. NOEL L. HILLMAN, et al., *Defendants*. | Civil Action No. 21-20720 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Rene D. Edwards seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff appears to challenge Judge Noel L. Hillman and Judge Anne E. Thompson's decisions in multiple other matters brought by Plaintiff. Plaintiff seems to allege that Judge

2

Hillman denied Plaintiff's requests for hearings because of his race, sexual status, and religion. *See* Compl. at 2. Plaintiff further alleges that Judge Thompson "looked over" Judge Hillman's prior purported errors and discriminatory behavior. *Id.* at 3. Plaintiff also names Jill S. Mayer, Mathew Spence, Harold Shapiro, and Phil Murphy as Defendants. *Id.* at 1. Plaintiff alleges that Shapiro and Murphy are liable because they are supervisors for unnamed city prosecutors. *Id.* at 5. Mayer and Spence appear to be Camden County prosecutors. *Id.* at 6. Plaintiff alleges that Mayer and Spence refused to bring criminal cases against individuals that raped Plaintiff because Plaintiff is (or was) required to register as a sex offender under Megan's Law and because of Plaintiff's race and medical conditions. *Id.* Plaintiff states that he is asserting his claims in this matter pursuant to 42 U.S.C. §§ 1981 and 1983, and the Rehabilitation Act of 1973. *Id.* at 5.

Section 1983 provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). Defendants Jill S. Mayer, Mathew Spence, Harold Shapiro, and Phil Murphy appear to be state actors.

Judge Hillman and Judge Thompson, however, are district court judges for the District of New Jersey. While not set forth in Plaintiff's pleading, the Court assumes that Plaintiff intends to assert *Bivens* claims against Judge Hillman and Judge Thompson, as they are not state actors. "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018). *Bivens* is essentially a "federal analog" to suits brought against state officials under Section 1983. *Iqbal*, 556 U.S. at 675 (2009). However, Judge Hillman and Judge Thompson's alleged wrongdoing appears to stem from their decisions in other cases brought by Plaintiff. As a result, the doctrine of judicial immunity is applicable. "The doctrine . . . is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Accordingly, judges are generally immune from a suit for money damages that challenges their conduct as a judge. *Id.* Because Plaintiff is challenging the judges' conduct in their role as judges, the claims against Judge Hillman and Judge Thompson are dismissed pursuant to the doctrine of judicial immunity.

As for Plaintiff's Section 1983 claims against Defendants Mayer and Spence, these claims implicate the doctrine of prosecutorial immunity. "Under federal law, prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors." *Newsome v. City of Newark*, No. 13-6234, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014). Thus, "decisions regarding how to proceed with a prosecution serve a prosecutorial . . . function and thus warrant absolute immunity." *Id.* at *3. Specifically, "the decision whether to bring a criminal suit" falls "squarely within a prosecutor's absolute immunity." *Davis v. Grusemeyer*, 996 F.2d 617, 629 (3d Cir. 1993). Accordingly, Defendants Mayer and Spence are also entitled to immunity from Plaintiff's Section 1983 claims.

Finally, Plaintiff alleges that Shapiro and Murphy are liable as supervisors. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Rather, a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the constitution." *Id*. (quoting *Iqbal*, 556 U.S. at 676). "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Outside of the allegation that Shapiro and Murphy were supervisors, Plaintiff fails to include allegations demonstrating how Shapiro and Murphy were personally involved in any of the alleged wrongdoing. Without such allegations, Plaintiff's claims fail as to these Defendants. As a result, Plaintiff's Section 1983 claims are also dismissed as to Shapiro and Murphy.

Plaintiff also asserts claims pursuant to 42 U.S.C. § 1981. Compl. at 5. A Section 1981 plaintiff must plead the following elements: "(1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (internal quotations and brackets omitted). There is no mention of any contracts in Plaintiff's pleading. Accordingly, Plaintiff fails to state a Section 1981 claim.

Finally, Plaintiff alleges that Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. Compl. at 5. While not explicitly stated, the Court assumes that Plaintiff intends to assert a claim pursuant to Section 504 of the Rehabilitation Act. Section 504 provides, in relevant

5

part, that a qualified individual with a disability shall not "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Individual defendants, however, cannot be liable under Section 504. *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 557 (D.N.J. 2000). Plaintiff, therefore, cannot plead a claim under Section 504 of the Rehabilitation Act as to any Defendant.

In sum, Plaintiff fails to state any plausible claims and many of his claims are subject to immunity. The Complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Yet, the Court notes that it has serious concerns that Plaintiff will be able to state a viable claim or claims in light the immunities and limitations mentioned above. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. Plaintiff must set forth the basis for his claims and provide plausible factual allegations demonstrating that he is not asserting claims against a party that is immune from suit.

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be dismissed and closed.

Accordingly, and for good cause shown,

IT IS on this 23rd day of February, 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Rene D. Edwards's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed and closed; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.