Not For Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RENE D. EDWARDS, <br><br> *Plaintiff*, <br><br> v. <br><br> NOEL L. HILLMAN, et al., <br><br> *Defendants*. | Civil Action No. 21-20720 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

On December 27, 2021, *pro se* Plaintiff Rene D. Edwards instituted this action and sought to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 1.  On February 23, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's Complaint without prejudice for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  D.E. 5.  The Court provided Plaintiff with leave to file an amended complaint that cured the outlined deficiencies.  *Id.*  Plaintiff filed an Amended Complaint on March 17, 2022.  D.E. 8.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's Amended Complaint addresses completely different events and conduct than Plaintiff's initial Complaint. Plaintiff's initial Complaint largely asserted claims against Judge Hillman and Judge Thompson for their alleged misconduct while addressing other matters that

2

Plaintiff has pending in the District of New Jersey.  D.E. 1 at 2-3.  In his Amended Complaint, Plaintiff asserts Section 1983 claims for excessive force and failure to provide adequate medical treatment and tort claims against multiple Lindenwold police officers.  Plaintiff's claims involve events that allegedly occurred at his apartment on June 28, 2020, and February 8, 2021.  Am. Compl. at 2.  Thus, Plaintiff did not file an amended pleading that cures the deficiencies identified in his initial pleading.  The Court, therefore, directs the Clerk's Office to open a new matter for Plaintiff's Amended Complaint and close the instant matter as Plaintiff did not file an appropriate amended pleading.  The Court, however, will still screen Plaintiff's Amended Complaint.

Section 1983 provides individuals with a cause of action for certain violations of constitutional rights.  *See* 42 U.S.C. § 1983.  Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."  *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Plaintiff first asserts claims against Defendant Helveston, a Lindenwold police officer.  *Id.* at 2-5.  Plaintiff alleges that Defendant Helveston used excessive force to knock down Plaintiff's apartment door, which damaged the lock.  *Id.* at 2.  Plaintiff further alleges that Defendant

3

Helveston battered Plaintiff, causing him to sustain severe and permanent injury. *Id.* A Section 1983 excessive force claim based on the conduct of law enforcement during an arrest arises under the Fourth Amendment's protection against unreasonable seizure of the person. *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). "Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force." *Id.* (citing *Edwards v. City of Philadelphia*, 860 F.2d 568, 572 (3d Cir. 1988)). The use of force to effectuate an arrest must be reasonable. *Id.* (citing *Graham*, 490 U.S. at 396). The reasonableness of the officer's use of force, an objective inquiry, depends on the facts and circumstances of each particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004)). In this instance, Plaintiff pleads in a conclusory manner that Officer Helveston battered Plaintiff. Plaintiff, however, does not include any details about the nature of the force, whether Plaintiff was arrested, or even why Officer Helveston was at Plaintiff's apartment on either date. As a result, Plaintiff fails to sufficiently state a Section 1983 excessive force claim against Defendant Helveston.

Plaintiff further alleges that Defendant Helveston failed to ensure that Plaintiff received appropriate medical treatment. Am. Compl. at 4-5. Failure to provide medical care to a person in custody may amount to a constitutional violation under Section 1983 "only if that failure rises to the level of deliberate indifference to that person's serious medical needs." *Groman*, 47 F.3d at 637; *see also Easterling v. City of Newark*, 778 F. App'x 80 (3d Cir. 2019) (*per curiam*) (applying deliberate indifference standard to delay of medical care claim where the plaintiff was shot by

4

police at the scene of a robbery).  But Plaintiff does not appear to have been placed in custody at any point during the alleged wrongful acts.  As a result, Plaintiff fails to adequately state a claim based on Defendant Helveston's indifference to Plaintiff's serious medical needs.

Defendant also asserts claims against the City of Lindenwold.  Am. Compl. at 5-6.  To state a Section 1983 against a municipality, a plaintiff must demonstrate that the violation of rights was caused by a municipal policy or custom.  *Monell v. Dept. of Social Servs. on N.Y.C.*, 436 U.S. 658, 691 (1978).  To state such a claim, a plaintiff must identify a policy or custom that "violates the Constitution or . . . while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees."  *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)).  Here, Plaintiff's claims against the City fail because Plaintiff does not establish that a constitutional wrong occurred.  Without a constitutional violation, the City cannot be held liable under *Monell*. *See Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015) ("In the absence of a constitutional violation, [Defendant] cannot be held liable under § 1983 for failure to train or for acquiescing in an unconstitutional custom."); *see also Nabelsi v. Holmdel Township*, No. 20-20702, 2021 WL 5578851, at *9 (D.N.J. Nov. 30, 2021) (explaining that the plaintiff's "*Monell* claim fails at the threshold because he has not established that his harm was cause by a constitutional violation") (internal quotation and punctuation omitted).  Plaintiff, therefore, fails to plausibly state a claim against the City of Lindenwold.

Finally, Plaintiff asserts tort claims against multiple Lindenwold police officers.  Am. Compl. at 6-8.  But as discussed, Plaintiff fails to state any federal question claims.  Consequently, this Court lacks subject matter jurisdiction and declines to exercise supplemental jurisdiction over

Plaintiff's state law tort claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). Plaintiff's tort claims, therefore, are dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. As a result, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support his claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any dismissed Defendant, concerning the allegations in the pleading.

Accordingly, and for good cause shown,

IT IS on this 25th day of April, 2022,

**ORDERED** that the Clerk of the Court is directed to close the instant matter for failure to file a timely amended pleading consistent with the Court's prior order; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Amended Complaint without prepayment of the filing fee as a new matter; and it is further

**ORDERED** that the Clerk of the Court shall file this Opinion and Order in the instant and the newly docketed matter; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Rene D. Edwards is permitted to proceed *in forma pauperis* in the newly docketed matter; and it is further

**ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1367(c); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above.  Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.